```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
VOLTAIRE ZEMANA and
VON HANZELL ZEMANA, as
Administrators of the Estate of Gloria
Zemana,                                                        10CV3806 (ALC)

                Plaintiffs,
                                                               ORDER APPROVING
        v.                                                     SETTLEMENT

ASSOCIATED DELIVERIES, INC, and
EARL H. SESSOMS, JR.,

                Defendants.
---------------------------------------------------X
```

**CARTER, United States Magistrate Judge**:

Plaintiffs Voltaire Zemana and Von Hanzell Zemana ("Plaintiffs") are the Administrators of the Estate of Gloria Zemana ("Zemana"), who, on December 9, 2009, was struck and killed by a vehicle owned and/or operated by defendants Associated Deliveries, Inc., and Earl H. Sessoms, Jr. ("Defendants"). An action was filed in the Supreme Court of Queens County on July 16, 2010 seeking $1,000,000 in damages, and Defendants removed the case to this Court on August 18, 2010. The parties reported the action as settled, and the matter was referred to me for disposition of Plaintiff's forthcoming petition for approval of the parties' settlement agreement, pursuant to Local Rule 83.2(b) (the "Petition"). On February 1, 2011, I conducted a hearing on the record, at which Plaintiffs appeared by telephone. Counsel for Plaintiffs thereafter supplemented the record with an affidavit and contemporaneous time records in support of their request for attorneys' fees. Based on the submissions of the parties, and for the reasons stated below, the Petition is granted.

DISCUSSION

Local Rule 83.2(b) requires courts in this district to approve the terms of any settlement in an action for wrongful death. "The court must determine whether the proposed settlement is fair and reasonable, including the amount to be paid and the parties' arrangement for payment of costs and attorneys' fees." Hylton v. New York Methodist Hosp., No. 08 CV 3956 (RRM) (MDG), 2010 WL 1688531, at *1 (E.D.N.Y. Mar. 30, 2010) (citing Pollicina v. Misericordia Hosp. Med. Ctr., 92 N.Y.2d 332 (1993)). In this regard, "[a] strong presumption exists that a settlement is fair and reasonable where '(i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; and (iii) there has been sufficient discovery to enable counsel to act intelligently.'" Ratcliffe v. Pradera Realty Co., No. 05 CV 10272 (JFK), 2008 WL 801498, at *1 (S.D.N.Y. Mar. 25, 2008) (citing Ross v. A.H. Robins Co., 700 F. Supp. 682, 683 (S.D.N.Y. 1988)).

In this case, there is no evidence to indicate that the agreement was not the result of arm's length negotiation. Both the Petition and counsel's affirmation in support of attorneys' fees indicate that settlement negotiations were extensive and began even prior to removal. At the February 1, 2011 hearing before me, counsel for Defendants confirmed Plaintiffs' assertion that a substantial amount of negotiations had taken place. While the parties reached settlement soon after the initial conference before me, they submit that some discovery did take place prior to their appearances in court. Specifically, counsel's affidavit indicates that they received discovery demands as early as August 26, 2010, and began negotiating immediately thereafter. Plaintiffs' counsel also submits that it was only through great lengths that certain medical, police and ambulance reports were made available to them. (Docket No. 10 at 3-5.) These reports were necessary to determine whether live witnesses or expert medical evidence would be available to

corroborate Plaintiffs' claim that Zemana experienced conscious pain and suffering, as opposed to her death being instantaneous. Annexed to the Petition are a Police Accident Report; an autopsy report from the Office of Chief Medical Examiner of the City of New York; a medical examiner's report from Bellevue Hospital; a forensic toxicology report, and a certificate of death, all of which counsel considered in recommending settlement. (Docket No. 9 ("Petition") at 9-10.) Accordingly, I am satisfied that the agreement was a properly-negotiated arm's length settlement.

Plaintiffs state in their Petition that the absence of witnesses and the inability to prove that Zemana experienced any pain or suffering prior to her death counsels in favor of settlement. (Petition at 2.) They are correct, since the documentary evidence supporting the Petition is devoid of any notation or observation of her consciousness upon the arrival of emergency service workers or police officers. This evidence, or lack of evidence, indicates that the decision to settle was one made intelligently by Plaintiffs. Ross, 700 F. Supp. at 683-4 ("The adequacy of any settlement can only be determined by holding it up against the strength of the plaintiff's case. . . and the risks, delays and uncertainties of continued litigation."). Additionally, counsel's affidavit in support of fees indicates that they maintained frequent contact with Plaintiffs, explaining the progress of the action and the terms of the settlement agreement. (Docket No. 10 at 8.) Plaintiffs confirmed this understanding in their Petition. (Petition at 2.)

I also find that Plaintiffs' agreement to remit to counsel one-third of the settlement amount as attorneys' fees is not unreasonable in light of the 227.5 hours spent collecting and reviewing documents; researching the interplay of the rules and procedures of both this Court and the Surrogate's Court; counsel's frequent contact with their clients and adversary; and attendance at conferences before me. See N.Y. Ct. Rules § 603.7(e)(2); Dullard v. Berkeley

3

Assocs. Co., 606 F.2d 890, 896 n.5 (2d Cir. 1979) ("[I]n a wrongful death suit contingent fees of as much as one-third of the net recovery. . . are presumptively permissible").

In light of the amount and depth of investigation and discovery that has transpired; the uncertainties in the Plaintiffs' case that bear on the burden of proof with respect to conscious pain and suffering; Plaintiffs' understanding of the terms of both the settlement agreement and the fee arrangement; and counsel's experience in similar actions in this District, I find the proposed settlement to be fair and reasonable.

Therefore, the Court being fully advised in the premises:

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that the claim for conscious pain and suffering and wrongful death of Gloria Zemana, deceased, be settled for the sum of $182,500.00.

II.

IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED, that a check be made payable to Voltaire Zemana and Von Hanzell Zemana in their capacity as fiduciaries and Administrators of the Estate of Gloria Zemana in the amount of $121,666.67.

III.

IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED, that a check for attorneys' fees in the amount of $60,833.33 be made payable to the Law Offices of Sofronio G. Gajo, LLC.

IV.

IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED, that the Administrators Voltaire and Von Hanzell Zemana are authorized to execute general releases discharging defendants Associated Deliveries, Inc., and Earl H. Sessoms, Jr. from liability as a result of the conscious pain and suffering and wrongful death of Gloria Zemana.

V.

The parties shall file a stipulation of dismissal within 30 days of the entry of this order.

SO ORDERED.


DATED: April 27, 2010                    _____/s/_____
       Brooklyn, New York                        Andrew L. Carter, USMJ